UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DALE MANZELL McDONALD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:07-CV-575-TS |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Dale Manzell McDonald, a *pro se* prisoner, filed a motion to reconsider this Court's dismissal of his habeas corpus petition as untimely. Because the motion was signed within 10 days of the entry of judgment, it is considered pursuant to Federal Rule of Civil Procedure 59.

McDonald argues that the one-year period of limitation was tolled by 28 U.S.C. § 2244(d)(1)(B) because "he was physically prevented from filing a habeas corpus petition." (Mot. ¶ 2; DE 9 at 2.) He argues that because of physical and mental illness, he was unable to file a timely habeas corpus petition.

The exception provided by subparagraph B states that the one-year period of limitation begins to run on "the date on which the impediment to filing an application *created by State action* in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing *by such State action*." 28 U.S.C. § 2244(d)(1)(B) (emphasis added). McDonald's argument ignores the requirement that the impediment must be created by "State action." Here, McDonald makes no attempt to argue that his physical or mental illness was created by State action. Therefore, there is no basis for applying subparagraph B.

Additionally, McDonald's argument that he was physically and/or mentally unable to file a federal habeas corpus petition is belied by his amended petition, which states that he filed both

a second post-conviction relief petition in the Marshal Superior Court and a request to file a successive petition with the Court of Appeals of Indiana, which was denied on November 12, 2004 (rehearing denied May 27, 2005). (Mot. ¶ 9.) Those filings demonstrate that McDonald was able to prepare and file legal papers after he completed litigating his first post-conviction relief petition and long before he filed this federal habeas corpus petition. As this Court explained in its prior order, those state court filings did not toll the one-year period of limitation "[b]ecause an unauthorized successive petition is not considered 'properly filed' under Indiana law." *Powell v. Davis*, 415 F.3d 722, 726–27 (7th Cir. 2005).

McDonald's habeas petition was late and it was properly dismissed as untimely. Therefore, the Rule 59 motion (DE 9) is **DENIED**.

**SO ORDERED** on February 15, 2008.

    s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT  
FORT WAYNE DIVISION